F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**MAY 23 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES B. WHITE,

    Plaintiff - Appellant,

v.

STATE OF UTAH,

    Defendant - Appellee.

No. 01-4225

(D.C. No. 2:01-CV-429-C)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered

submitted without oral argument.

Plaintiff James B. White, a state prisoner appearing pro se, appeals the district

court's dismissal of his 42 U.S.C. § 1983 action.  We exercise jurisdiction pursuant to 28

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 1291 and affirm.

White filed a § 1983 complaint alleging the State of Utah violated his constitutional rights and those of "his community through the prosecution of [an individual named] Tom Green" for bigamy, in violation of Utah Code Ann. § 76-7-101. ROA, Doc. 3 at 2. The complaint in part sought one hundred million dollars in damages and a declaration that § 76-7-101 unconstitutionally infringed on "Americans['] constitutional right to worship freely." Id. at 6.

The State moved to dismiss the complaint on the grounds that (1) the complaint failed to state a claim upon which relief could be granted; (2) the State was entitled to immunity from suit under the Eleventh Amendment; and (3) White lacked standing to sue. White initially responded to the motion by filing two proposed amendments to his complaint in which he sought to add several defendants, including the Utah Supreme Court, the Third District Court of Utah, the Juab County Attorney, the United States, Senator Orrin Hatch, and various unnamed scientists involved in stem cell research. The amendments also sought to add a claim for injunctive relief prohibiting stem cell research, and sought to increase the request for damages to one billion and one hundred thousand dollars.

White also filed two formal responses to the State's motion to dismiss. In his first response, White construed the state's motion as asserting that White had "failed to provide legal codes upon which relief could be granted." Id., Doc. 15 at 1. White alleged he was

2

unable "to provide law codes to prove his case" because he was incarcerated "without any access to any law books whatsoever." Id. at 2. In his second response, White asserted he had standing to sue the State because "his wife left him as a direct cause of the [State's] actions and then she committed Adultery with someone else of which this . . . directly caused his life to be damaged." Id., Doc. 21 at 9. He further asserted that he "ha[d] been a member of or [wa]s currently a member of a religion that espouses polygamy," and he "intended to become a polygamist." Id. at 20. The district court denied White's claims and dismissed the case with prejudice.

The district court concluded that White lacked standing to assert his attack on the practice of stem cell research. We agree. The constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is "concrete and particularized" and "actual or imminent." Second, a causal connection must exist between the injury and the conduct challenged. Third, it must be likely that the injury will be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). White's conclusory pleadings fail to establish any of these required elements.

We turn to White's claim challenging the constitutionality of Utah's prohibition against polygamy. Assuming, for purposes of argument, that White has standing to bring the claim, we conclude it is foreclosed by Supreme Court and Tenth Circuit precedent. See Reynolds v. United States, 98 U.S. 145, 166-67 (1878) (affirming criminal conviction

3

of a Mormon for practicing polygamy and rejecting the argument that prohibition of polygamy violated the right to free exercise of religion); Potter v. Murray City, 760 F.2d 1065, 1068-69 (10th Cir. 1985) (concluding Utah was justified, by a compelling interest, in upholding and enforcing its ban on plural marriage to protect the monogamous marriage relationship); see also Paris Adult Theatre I v. Slaton, 413 U.S. 49, 68 n.15 (1973) ("Statutes making bigamy a crime surely cut into an individual's freedom to associate, but few today seriously claim such statutes violate the First Amendment or any other constitutional provision."). White has failed to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

Finally, we consider White's claim that he was denied access to adequate legal materials. The Supreme Court has explained that a plaintiff alleging such a claim must establish not only the inadequacy of legal materials available to him, but also that "the alleged shortcomings . . . hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). In other words, a plaintiff must allege an actual injury. Id. at 351-52. White's pleadings clearly fail in this regard. His denial of access claim was raised first in his response to the State's motion to dismiss and was grounded solely on the erroneous assumption that the State's motion was prompted by failure to provide sufficient legal citations in his pleadings. In any event, we conclude he has failed to demonstrate any injury in fact arising from his alleged denial of access to legal materials.

AFFIRMED.  The motion to proceed on appeal in forma pauperis is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge